# SCHOOL DIRECTORS

## v.

## ALFRED E. EWINGTON.

26   379
95   254

*Schools—Alleged Wrongful Discharge of Teacher—Contract—" Satisfaction "—Good Faith—¶ 49, Chap. 122, Starr & C. Ill. Stat.*

In an action by a school teacher to recover damages for an alleged wrongful discharge under a contract to teach for a specified time, " provided he gave satisfaction," it is *held:*   That, by the special provision in the contract, the Directors reserved the right to determine what was required to give satisfaction, not limited by the provisions of the statute, but only by the obligation so to determine in good faith and without passion, prejudice or caprice; and that the question of how serious plaintiff's faults were, can not be considered, except as bearing upon the question of good faith.

[Opinion filed November 18, 1887.]

Appeal from the County Court of Morgan County; the Hon. O. P. Thompson, Judge, presiding.

Messrs. Brown & Kirby, for appellants.

Messrs. Julian P. Lippincott and J. W. English, for appellee.

Pleasants, J.    This suit was commenced by appellee before a Justice of the Peace and taken by appeal to the County Court, where, upon trial without a jury, he obtained judgment for $200 on a contract to teach the district school for eight months at $40 per month.

The proof is that the agreement on the part of the Directors was to pay him at the rate and for the time stated, "provided he gave satisfaction;" and that they discharged him at the end of the second month.

It is argued for appellee that this condition conferred no further right than was already given by the statute to discharge for any of the causes therein specified, but no other; that he was entitled to notice of the complaint against him, with reasonable opportunity to make his defense, and to be acquitted and hold his position unless proof was adduced sufficient to sustain it.

The statute specifies "incompetency, cruelty, negligence and immorality," and adds "or other sufficient cause;" and to justify a dismissal under this power the Directors should be prepared to show, not in the prosecution of a complaint against the teacher, but in defense of a suit of this character, that the cause alleged was, in fact, sufficient.

But it is conceived that a teacher might be richly endowed with the virtues that stand opposed to the vices so specified and yet be a very undesirable person to have in charge of a district school; as, for example, by reason of his personal manners.    And it is our opinion that the special condition in this contract was intended, and had the effect, to reserve to the

Directors the exclusive right to determine what was required to give satisfaction and whether it was, in fact, given by appellee, limited only by the obligation to do it in good faith and not from mere passion, prejudice or caprice.

It appears that they observed some faults in him and his methods, and were informed of others, some of which were of the character specified in the statute, and others perhaps not. But how serious they were, or how far the evidence went to prove them, was not for the court to consider, except as bearing upon the question of good faith in discharging him. We discover nothing in the record fairly tending to show they acted otherwise than honestly, in the supposed interest of the school and district. Appellee was paid for the time he served.

Some other questions are made in the argument which it is unnecessary to notice. If we are right in the view above taken, the finding by the County Court was against the law and the evidence, and the judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*