## Olney School District v. Ada Christy.

1. SCHOOLS—*Power of Directors to Discharge Teachers.*—Under a contract to teach a school containing the clause "The continuance of an engagement with teachers is at the option of the directors," the directors may discharge the teacher at any time.

2. SAME—*Notice of Directors' Meetings.*—Where there is an agreement by all of the directors to meet, no formal notice of a directors' meeting is necessary.

**Assumpsit,** for teacher's wages. Trial in the Circuit Court of Richland County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the August term, 1898. Reversed with a finding of facts. Opinion filed March 10, 1899.

JOHN LYNCH, JR., and H. G. MORRIS, attorneys for appellant.

The boards of education in schools embraced in the second division, under a general contract with teachers, have the power "To dismiss and remove any teacher, whenever, in their opinion, he or she is not qualified to teach, or whenever, from any cause, the interest of the school may, in their opinion, require such removal or dismissal." Starr & Curtis, Chap. 122, Art. 6, Par. 166, clause 12.

The Olney School District is organized under a special charter, and has all the powers of boards of education in the same division, as well as other powers. Private Laws of Illinois, 1867, Vol. 3, page 39; Private Laws of Illinois, 1869, Vol. 3, page 485.

An indefinite hiring is a hiring *prima facie* at will. It is also well settled that a hiring at so much a week, month or year, no time being specified, does not, of itself, make more than an indefinite hiring. McCullough Iron Co. v. Carpenter, 67 Md. 554.

Under a contract for service by the month, not otherwise fixing any time of service, damage resulting to the employer from the servant quitting the employment at the end of any

month, is no ground of recovery. Thomas v. Hatch, 53 Wis. 296.

The plaintiff and defendant entered into a contract by which the plaintiff agreed to work for defendant for a term not exceeding three years, at a compensation of $3 per week. After a service of about two months he was dismissed. In an action to recover damages for a breach of the contract, held, that no recovery could be had. Harper v. Hassard, 113 Mass. 187.

Where a contract for hiring provides that it may be terminated at any time, it is binding on the parties. Booth v. Ratcliffe, 107 N. C. 6; Tiffany's Persons & Domestic Relations, Ch. 16, Sec. 253, page 462.

Where parties make a contract for personal services and the same is not for a definite period, it is a contract at will, and may be terminated at any time by either of the parties. Tiffany's Persons & Domestic Relations, Ch. 16, Sec. 253, page 462.

If this contract reserved to defendant the right to discharge plaintiff at any time merely because it might be dissatisfied with his conduct of the business, whether it had sufficient reason to be so or not, it may have been an injudicious one for plaintiff to consent to; but there can be no question that the parties might make such a contract, and, if that is what this contract was intended to be, they must abide by it. Frary v. American Rubber Co., 52 Minn. 264.

It is settled law that when a person contracts to do work to the satisfaction of his employers, the employer is the judge, and the question of the reasonableness of his judgment is not a question for the jury. Koehler v. Buhl, 94 Mich. 496.

Parties make their own contracts, and either may stipulate as he may deem it necessary for his own protection, and it is optional whether the other accepts the terms proffered. Having once made the contract, neither can hold the other to a different contract. When, therefore, one guarantees to give satisfaction, he assumes the under-

taking to perform the work in such manner as to satisfy the other, and invests the latter with full power to determine the reasonableness of the cause. We can not presume the contract would have been made without such a provision or on any other terms. This was the construction placed upon the contract by the trial court, and we are of the opinion it was correct. Allen v. Mutual Compress Co., 101 Ala. 574.

R. B. WITCHER, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Appellee, on the 10th of May, 1897, applied to the board of school directors of appellant for employment as a school teacher, preferring an assignment to a primary grade.

Appellant replied as follows:

"OLNEY PUBLIC SCHOOL, Olney, Ill., June 4, 1897. MISS ADA CHRISTY:

Your application has been favorably acted upon and you will be given a situation, on the following conditions:

Subject to assignment to department grade.

1st. The continuance of an engagement with teachers is at the option of the directors.

2d. All teachers are requested to cheerfully carry out and conform to all existing rules and regulations and such others as the board may from time to time adopt; and to work in harmony with the superintendent and directors, and to respect their authority, and to observe and carefully follow their directions.

You are assigned to Room No. 12, Primary ...., Intermediate ...., Grammar ...., High School Department. Salary per month $40. You will please give notice of your acceptance or non-acceptance of this appointment soon.

JAMES E. WHARF, ⎫
H. GODEKE,       ⎬ Board of Directors.
T. A. HARDMAN.  ⎭

Please sign and return."

To which appellee replied as follows:

" The proposition as set forth above is hereby accepted.
ADA CHRISTY, Applicant."

Under this contract appellee commenced teaching and taught through the months of September, October, November, December and January, when she was discharged. She was paid in full for the time she taught.

At an official meeting of the board of directors, held January 31st, the directors of the district unanimously decided to ask for the immediate resignation of appellee. The record of the board is as follows:

"Superintendent Wood was instructed to request Miss Ada Christy, teacher of No. 9, to hand in her resignation; cause, incompetency."

All the members of the board were present, and their action is officially attested by James E. Wharf, president, and H. Godeke, clerk.

Appellee was, on the same date, notified by Superintendent Wood of this action of the board. She testifies: "I knew on the first day of February that the board terminated my services as teacher. On the 31st day of January I asked Mr. Wood what the directors did that morning and he said they had voted for my resignation."

Instead of accepting this request to resign as a discharge, appellee came to the school room on February 1st to resume her work as a teacher, but was not allowed to do so.

T. A. Hardman, James E. Wharf and Henry Godeke constituted the board of directors. A meeting of the board was held at 8:30 A. M., February 1st, the record of which is as follows:

"OLNEY, ILL., February 1, 1898.

Board met at office of superintendent of school at 8 o'clock A. M. Present, Wharf and Hardman; absent, Godeke. The chairman appointed T. A. Hardman secretary *pro tem.* The following proceedings were had:

"It having become apparent to members of this Board of School District No. 12, Towns 3 and 4 North, Range 10 East, that the teacher in charge of room No. 9 in said school, Miss Ada Christy, was failing to maintain proper discipline necessary to secure good results, and that methods of instruction put forth are inefficient and below the standard required in that room, it is therefore ordered that Miss Ada Christy be discharged from further service in said School District,

No. 12, Towns 3 and 4, Range 10, said discharge to take effect at once.

Signed,          JAMES E. WHARF, Pres.
T. A. HARDMAN, Sec'y *pro tem.*"

Mr. Godeke was not present at this meeting.

T. A. Hardman testifies :

" At the first meeting Wharf, Hardman and Godeke were present. That was January 31, 1898. The following day Mr. Godeke was not present. The hour was 8:30 A. M. There was no formal meeting, only we had agreed to meet next morning. There was no special notice. Mr. Wood had anticipated trouble, and we wanted to be there. Mr. Godeke was not specially notified, but knew of the conversation relative to the meeting."

Appellee brought suit to recover salary for the month of February, and received judgment for $40, from which judgment this appeal is taken. Upon the trial of the case the contract above stated, the action of the board in requesting the resignation of appellee, her appearance on February 1st to teach, and the action of the board on February 1st, formally discharging her, were in evidence.

After all the evidence had been introduced appellant moved the court to give the following instruction, which was refused :

" The court instructs the jury that, under the law and the evidence in this case, there is no liability on the part of the defendant, and the plaintiff has no right to recover, and you are instructed to find for the defendant."

Under the evidence introduced, this instruction should have been given. There is no controversy as to what the contract was. It provided expressly, " The continuation of an engagement with teachers is at the option of the directors."

The directors exercised this option on the 31st of January, when, at a formal meeting, they unanimously requested the resignation of appellee for incompetency, and caused her to be notified of their action. By the terms of the contract they could dispense with her services whenever they saw fit to do so, and were under no legal obligation to state any cause for their action. When

an employer reserves the right to terminate a contract of employment at his option, and exercises that right, he has done only what the employe expressly agreed that he might do. No authorities need be cited in support of this fundamental proposition.

That this option was exercised in the present case clearly appears from the cross-examination of appellee, as follows:

Q. State to the jury if you received notice from the board of directors. A. I never received any notice from the directors until the 1st day of February.

Q. Who notified you then? A. Superintendent Wood.

Q. In the presence of the directors? A. He first came to my room.

Q. Did the directors afterward ratify that? A. They did.

Q. Then you knew that day that the directors had terminated your services, or claimed to have terminated your services as a teacher? A. Yes, sir.

Mr. Witcher, for plaintiff: Q. On the 1st day of February? A. Yes, sir.

Mr. Morris, for defendant: Q. What notice did you receive on the 31st day of January? A. I asked Mr. Wood what the directors did that morning, and he said they had voted for my resignation.

It is insisted by counsel for appellee that she was not legally discharged; that the call for her resignation on the 31st of January was not a discharge; and that the meeting of the directors on February 1st was a special meeting, and Godeke not being present at it and not having been specially notified, that the meeting was unauthorized and illegal, and its action invalid. In support of this contention counsel cite Section 18, Paragraph 138, Starr & Curtis' Stat. 1896, Vol. 3, p. 3684, as follows:

"Regular and Special Meetings—How Called.—The board of directors shall hold regular meetings at such times as they may designate; and they may hold special meetings as occasion may require, at the call of the president, or any two members."

Section 19. "No official business shall be transacted by the board except at regular or special meetings."

In reply to this contention of counsel it may be said that the undisputed testimony of Hardman is, "there was no

formal notice of the second meeting, *only we had agreed to meet next morning.*" If there was an agreement by all of the directors to meet, no formal notice of a meeting was necessary.

It may be said further that a notice of a request for resignation was a sufficient notice under the clause of the contract—"the continuation of an engagement with teachers. is at the option of the directors." This option was, in effect, exercised on the 31st of January, and the engagement discontinued from that date. Under the view of the case as stated, it is not necessary to notice other matters presented by counsel. Judgment reversed.

**Finding of Facts.**—The following statement of facts may be entered of record :

Appellee was employed under a written contract to teach school. The contract contained this provision : " The continuation of an engagement with teachers is at the option of the directors." Appellee taught under this contract from and including September to the 31st of January, when her resignation was unanimously called for at a meeting of the directors when all were present. She was, on the same day notified of the action of the board. The board agreed to meet on the succeeding morning, February 1st, but no special notice of this meeting was served. At this meeting two or three members of the board were present, and appellee was there formally discharged. Appellee appeared on February 1st prepared to resume teaching, but was prevented by the board from doing so. Suit is brought to recover salary for the month of February, appellee having been paid for previous months.