## GUILFORD SCHOOL TOWNSHIP *v.* ROBERTS.

[No. 3,543.　Filed February 7, 1902.]

SCHOOLS.—*Contract with Teacher.—False Representations.—Fraud.*—In an action by a school teacher on a contract of employment with a township trustee which was rescinded by the trustee because of false representations of the teacher that she was an unmarried woman, evidence that plaintiff was not married at the time she sought employment and represented to the trustee that she did not intend to be married during the school year, and that at the time she signed the contract she was married, but signed it in her maiden name, without disclosing to the trustee the fact of her marriage, will not support a verdict for plaintiff. *pp. 356–358.*

CONTRACTS.—*Fraud.—Schools.*—The principle that fraud cannot be predicated upon acts which the party charged has a right by law to do, nor upon the non-performance of acts which by law he is not bound to do, does not apply where one, for a consideration, agrees not to do what under the law, but for the agreement, he would have the right to do. *p. 358.*

SAME.—*Schools.—Contract Conditioned that Teacher Should Remain Unmarried.*—Although a promise to do an act in the future which the promisor has no intention of fulfilling is not fraud, a contract

made with a teacher to teach school conditioned that she will remain unmarried during the school term may be rescinded upon the breach of such condition. *p. 358.*

From Hendricks Circuit Court; *T. J. Cofer*, Judge.

Action by Alice E. Roberts against Guilford School Township on a contract of employment to teach school. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. G. Hogate* and *J. L. Clark*, for appellant.
*T. S. Adams* and *S. A. Enloe*, for appellee.

COMSTOCK, C. J.—The complaint in this cause avers, in substance, that on the 1st day of September, 1899, the appellee was employed to teach the sixth grade of pupils in the school at Plainfield, Indiana, for the sum of $2.25 per day; that appellee was the holder of a license authorizing her to teach school in Hendricks county, Indiana; that she entered into a written contract with the township trustee to teach, and signed her name to said contract as Alice E. Thomas, a copy of said contract is filed with the complaint; that she commenced to teach and so continued until the 2nd day of January, 1900, when she was discharged and permission refused her longer to teach; that she had been ready and willing at all times to teach and comply with her said contract; that there is due her $150.75, being the amount due her from the time she was discharged until the close of school.

The appellant answered in three paragraphs. The third paragraph is as follows: "The defendant Guilford School Township, for a third paragraph of answer says, that it admits the allegations in the complaint, that are material, to be true. But the defendant says that, in order to induce the defendant to enter into said contract, plaintiff represented that she was an unmarried woman; that the defendant believed said representations to be true, and was induced thereby to enter into said contract; that, if defendant had known that said representations were false, it would not

have entered into said contract; that said representations
were false, and the plaintiff at the time she made said rep-
resentations knew them to be false; that as soon as defend-
ant learned that said representations were false it rescinded
said contract." The second is substantially like the third,
but sets out more at length and in detail the circumstances
and facts under which the township was induced to enter
into said contract in suit. The first is a plea of payment.
A demurrer was overruled to the second and third para-
graphs of answer, and the cause put at issue by general de-
nial. A trial resulted in a verdict and judgment in favor of
appellee for $150.75. The court overruled appellant's mo-
tion for a new trial. This is the only error assigned. Ap-
pellant asks that the judgment be reversed upon the ground
that the verdict of the jury is not sustained by the evidence
and is contrary to law.

The only defense offered to the action is "that the con-
tract was procured by fraudulent representations, and was
entered into at the time the contract was signed, by conceal-
ing her social status and thus deceiving the trustee of ap-
pellant." The issue was stated by the court in the eighth
instruction to the jury in the following language: "(8).
There is no claim by the defendant that the plaintiff vio-
lated any of the terms and conditions of the contract, but on
the contrary, the defendant admits that the plaintiff per-
formed on her part all the terms and conditions of said con-
tract; and the only question submitted to you is whether
said contract was procured by false representations on the
part of the plaintiff."

It clearly appears from evidence not contradicted that, in
the first interview between trustee Hadley and the appellee
in reference to her employment as a teacher, that she stated
to him that she was not married, and did not intend to be
married during the school year. It clearly appears that he
gave her to understand that he would not, for various rea-
sons, employ a married woman as a teacher. This was in

June or July of 1899. Upon the 18th of September, 1899, the contract in suit was signed in her maiden name. At that time she had been married four days. The trustee had no knowledge of her marriage, and she did not disclose that fact to him. He rescinded the contract promptly upon learning of her marriage in December, 1899, paid her for the time she had taught, and employed another teacher to take her place.

Counsel for appellee assert that "Fraud can not be predicated upon acts which the party charged has a right by law to do, nor upon the non-performance of acts which by law he is not bound to do, whatever may be his motive, design, or purpose either in doing or not doing the acts complained of", citing *Franklin Ins. Co.* v. *Humphrey*, 65 Ind. 549, 32 Am. Rep. 78. The principle does not apply where one, for a consideration, agrees not to do what under the law, but for the agreement, he would have the right to do. The condition of the employment in the case before us was that the appellee was unmarried, and would remain so for a limited time.

It is further insisted that a promise to do an act in the future is not fraud, although there may be no intention of fulfilling the promise; for fraud consists in the misrepresentation of an existing fact. But appellee agreed, and in effect made her employment conditional upon a promise, not to marry. The material averments of the second and third paragraphs of the answer were proved. The verdict is without evidence fairly tending to support it, and it is the duty of this court to set it aside. *Continental Ins. Co.* v. *Yung*, 113 Ind. 159, 3 Am. St. 630.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial.