(39 Misc. Rep. 166.)

PEOPLE ex rel. MURPHY v. MAXWELL, City School Superintendent.

(Supreme Court, Special Term, Kings County.   November, 1902.)

1. FEMALE SCHOOL-TEACHER—MARRIAGE—REMOVAL OF TEACHER.
   A teacher in the public schools of Brooklyn, permanently appointed in 1891, married in January, 1902, while still in the service. The by-laws of the school board of Kings county, in force at that time, provided that, should a female teacher marry, her place should thereupon become vacant. *Held*, that the city superintendent of the schools of New York could not refuse to certify to the auditor of the board the salary of such teacher, as by the charter of the city of New York the by-laws of the school board are precluded from conflicting therewith, and such charter contemplates the removal or discharge of a teacher only on charges preferred and after trial.

Application by the people, on the relation of Kate M. Murphy, for a writ of mandamus against William H. Maxwell, city superintendent of schools.   Writ granted.

Swanstrom & Keyes (Conrad Saxe Keyes, of counsel), for petitioner.

George L. Rives, Corp. Counsel (Walter S. Brewster, of counsel), for respondent.

COCHRANE, J.   The undisputed facts show that in February, 1891, the petitioner was appointed a teacher in public school No. 30, of what was then the city of Brooklyn, under a permanent appointment; that she held a certificate known as a "grade A certificate," which entitled her to a permanent appointment as teacher of any grammar grade within said city; that she continued to perform her duties as such teacher in said school until on or about the 21st day of January, 1902, when she was married; and that since the 1st day of February, 1902, she has actually been present and has performed the duties of her position as teacher, and no other appointment has been made to her position in public school No. 30.   It is the duty of the superintendent of schools, under section 36 of the by-laws of the board of education, to transmit to the auditor a certificate setting forth, among other things, the salary schedule under which the teachers shall be paid, and to certify the changes of name of any teachers who marry; and without such certificate the salaries of the various teachers cannot be paid.   The said superintendent has withheld such certificate in the case of the petitioner, and she is therefore unable to draw her salary for work performed by her since the 1st of February, 1902.   Section 302 of the by-laws of the school board of the borough of Brooklyn, in force at the time of the marriage of the petitioner, provided, in part, as follows:

"Should a female principal, head of department or teacher marry, her place shall thereupon become vacant, but her marriage shall not operate as a bar to her reappointment, should it be deemed to the interests of the school to retain her services."

It is in reliance on this by-law that the superintendent refuses the certificate in question, which is necessary to enable the petitioner to receive her salary.

By section 1090 of the city charter, applicable to this case, in January, 1901, it was provided that the by-laws adopted by the school board should not conflict with the provisions of the charter. Section 1117 of the charter, in force prior to the amendment which became effective during the present year, provided, in part, as follows:

"All superintendents, assistant or associate superintendents, and all principals, teachers, and other members of the educational staff in the public school system of any part of the city of New York, as constituted by this act, shall continue to hold their respective positions and to be entitled to such compensation as is now provided, or may hereafter be provided, by the various school boards, subject to the limitations of this act, and to re-assignment or to removal for cause, as may be provided by law."

Section 1114 of the same charter provided that charges might be preferred against a teacher "for gross misconduct, insubordination, neglect of duty, or general inefficiency," and provision was then made for a trial of such charges, and the manner of conducting the trial. These several legislative enactments are continued in the charter as at present amended. It is evident that the legislature intended that teachers should not be removed from their positions except after a trial upon charges preferred against them. It is doubtless proper to establish reasonable rules and by-laws, subject to which teachers should hold their positions; and, for the purposes of this proceeding, it may be assumed that a by-law against the marriage of a female teacher while she is a member of the educational staff is reasonable. But the difficulty with the by-law in question is that it declares a vacancy to exist as the result of the marriage of a female teacher, ipso facto, or, in other words, it seeks to accomplish her removal without the preferment of charges; and to this extent it is obnoxious to the statute and inoperative. The statute casts the burden of affirmative action on the board of education. It is entirely competent for the board to waive the provisions of a by-law such as the one in question, and unless the removal of the petitioner was brought about in the manner provided by statute, viz., by preferring charges for violating the provisions of the by-law, her connection with the educational staff of the city remained unaffected. It was not necessary, therefore, for the petitioner to seek reappointment, for the reason that the by-law in question could not, in and of itself, have the effect of declaring a vacancy, and the board of education has not taken the affirmative steps to effect her removal which the statute requires.

The case of People v. York, 49 App. Div. 173, 63 N. Y. Supp. 36, cited in opposition to this application, is not in point. It was held in that case that absence for five days by a patrolman on the police force operated to create a vacancy; but that decision rested upon express enactment of law, and not on a rule of the department. Nor can it be successfully contended in this case that, because the employment of teachers is contractual, the by-law in question was a part of the essence of the contract. The petitioner held a permanent position before the enactment of the charter, and when the latter went into effect it contained a provision (section 1117) that teachers "should continue to hold their respective positions, subject to the limitations of the act, and to re-assignment or to removal for cause as may

be provided by law." Moreover, to hold that an unauthorized by-law was an essential part of the contract of a teacher would be, in effect, to hold that all of the provisions of the charter might be nullified by the creation of a by-law, no matter how inconsistent with the charter the same might be.

The city superintendent should make the necessary certificate to enable the petitioner to receive her salary since February 1, 1902, and a peremptory writ of mandamus may issue accordingly. Ordered accordingly.