Argued February 8, decided February 21, rehearing denied April 19, 1911.

## PETTYJOHN v. OREGON COAL & NAV. CO.

[113 Pac. 438.]

SALVAGE—PROPERTY SUBJECT TO.

1. As between salvors and salved, salvage applies to the ship and cargo, if they were in imminent peril by sea, which is to be ascertained from the surrounding circumstances when the service was rendered, regardless of the cause of the peril.

SHIPPING—SALVAGE—CONTRIBUTION.

2. Where part of a cargo has been jettisoned or expense incurred in saving it, the master must make a general average, so that those whose property has been saved shall contribute ratably to the owner of the goods sacrificed for the common benefit, and for that purpose he has a lien on the cargo and may retain it until the amount is paid or secured; but the rule is different where the lien is in favor of the salvors only, and the owner of the vessel is not personally liable to them for salvage upon the cargo, if caused by a peril of the sea.

SALVAGE—CARGO—LIABILITY.

3. A cargo is not liable for salvage when the owners of the vessel were responsible for her seaworthiness, and the disaster which made the salvage necessary occurred through unseaworthiness.

SALVAGE—NEGLIGENCE OF MASTER—LIABILITY.

4. Salvage payable by cargo owners through negligence of the master of the vessel is recoverable against the vessel.

SHIPPING—FREIGHT—"PERILS OF THE SEA"—"DANGERS OF NAVIGATION."

5. "Dangers of navigation" or "perils of the sea," as used in bills of lading or concerning shipping, mean only those dangers which are inevitable, and do not excuse the vessel from liability for loss caused by negligence.

SHIPPING—CONTRIBUTION—BURDEN OF PROOF.

6. Owners of a vessel claiming a general average for salvage, paid as an incident to perils of the sea, have the burden to show that the peril occurred without fault of the master.

SHIPPING—GENERAL AVERAGE—CONTRIBUTION—BURDEN OF PROOF.

7. Owners of a salved vessel retaining freight to secure the salvor's claim had the burden to show a case of salvage in which the owner of the vessel was entitled to hold the cargo for payment of its share.

SALVAGE—RIGHT TO RETAIN CARGO.

8. In an action to recover goods from a steamship company at their destination, a plea alleging that the bill of lading exempted liability for loss caused by accidents or dangers of the sea, that the vessel's propeller was lost, totally disabling her, and that the cargo was retained in the interest of the salvor, who towed the vessel into port, is insufficient to show a defense.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action of replevin by L. D. Pettyjohn and T. Nicols, partners doing business under the firm name and style of Pettyjohn & Nicols, against the Oregon Coal & Navigation Company, a corporation. From a judgment of the circuit court for plaintiffs, on appeal from a like judgment in justice's court, defendant appeals. The facts are as follows:

Plaintiff shipped, by defendant's steamship F. M. Plant, certain goods of the value of $77.50 from San Francisco to Marshfield, Coos County, Oregon, and at the latter point defendant refused to deliver the goods to plaintiff upon demand, and plaintiff brought this action of claim and delivery in the justice's court No. 2 of that county, to recover the goods.

In answer to the complaint defendant filed a plea in abatement, upon the ground of want of jurisdiction in the state court, alleging, in substance, that plaintiff shipped the goods on the F. M. Plant, which is owned and operated by defendant; and that defendant, by its bill of lading, agreed to deliver the goods at Marshfield in good order, the dangers of fire and navigation or any other accident or dangers of the sea excepted. While en route the steamship met with an accident, whereby her propeller became broken and was lost at sea, by reason of which she was totally disabled, and her master asked the assistance of the steamship John Paulsen, which rendered aid and towed the F. M. Plant to Marshfield, at which place defendant retained the cargo for the purpose of salvage in interest of the salvor. Defendant further alleges that it is entitled to keep the goods until the salvage charges are adjusted and paid by plaintiff; and that the United States District Court for the District of Oregon has exclusive jurisdiction thereof, and asks that the justice court be adjudged to be without jurisdiction.

A reply was filed and plaintiff filed a motion for judgment upon the pleadings, which was allowed by the justice. An appeal was taken, and judgment was rendered, upon the pleadings, in favor of plaintiff. Defendant appeals to this court.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Williams, Wood & Linthicum* and *Messrs. Clarke, Blake & Liljeqvist,* with oral arguments by *Mr. Steuart B. Linthicum* and *Mr. L. A. Liljeqvist.*

For respondents there was a brief and an oral argument by *Mr. George Watkins.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. In the circuit court and in this court the insufficiency of the plea seems to have been conceded, and is treated as an answer to the merits. As to the practice upon plea in abatement, see *La Grande* v. *Portland Public Market* (decided January 24, 1911) 58 Or. 126 (113 Pac. 25). Therefore, we will treat it as an answer to the merits, namely, as alleging defendant's right to retain possession of the goods until the salvage is secured or paid. This brings us to the question whether the facts alleged create a lien on the goods for salvage in favor of the defendant, the owner of the vessel. As between the "salvors" and "salved," "salvage" applies to the ship, freight, and cargo in all cases where the property was in imminent peril by sea, and the peril is to be ascertained from the circumstances surrounding the vessel and cargo at the time the service is rendered, regardless of the cause of the peril (35 Cyc. 720; 24 Am. & Eng. Enc. Law (2 ed.) 1182; Benedict's Adm. (4 ed.) § 222; Newson, Salv. 1) ; and the question is whether defendant had a lien upon the goods for salvage in favor of the John Paulsen.

2. In case part of a cargo has been jettisoned or expense incurred in saving it, it is the duty of the master

to make a general average so that those whose property has been saved shall contribute ratably to the owner of the goods which were sacrificed for the common benefit; and for that purpose he has a lien upon the cargo and may retain it until the amount is paid or secured: *Gillett* v. *Ellis,* 11 Ill. 579; Abbott, Shipp. (13 ed.) 446, 456. But the rule is different in a case of salvage where the lien is in favor of the salvors only, and the owner of the vessel is not personally liable to the salvors for salvage upon the cargo, if occasioned by a peril of the sea. Abbott, Shipp. 717; Newson, Law of Salv. 79; The Raisby, 10 P. D. 114.

3. The cargo is not liable for salvage where the owners of the vessel were responsible for her seaworthiness, and the disaster which made the salvage necessary occurred by reason of unseaworthiness (Abbott, 740).

4. On the same principle salvage payable by cargo owners, in consequence of negligence of the master of the vessel, is recoverable against the vessel. 35 Cyc. 746. See, also, Abbott, Shipp. pt. 3, ch. 4; *Benson* v. *Duncan,* 18 L. J. Ex. 169; *The Princess Royal,* 3 L. R. A. & E. \*41.

5. "Dangers of navigation" or "perils of the sea," as used in bills of lading or with reference to shipping, mean only those dangers which are inevitable, and do not excuse the vessel from liability for loss occasioned by negligence or preventable by the exercise of due care: *City of Norwich,* 5 Fed. Cas. No. 2,760; *Jones* v. *Pitcher & Co.,* 3 Stew. & P. (Ala.) 135 (24 Am. Dec. 716) ; *Hill* v. *Sturgeon,* 28 Mo. 327.

6. In *Dibble* v. *Morgan,* 7 Fed. Cas. No. 3,881, the shipping receipt provided that the goods were to be delivered in good order, "the dangers of fire at sea or on shore, collisions, and accidents from machinery, boilers, steam, or any other accidents and dangers of the seas, rivers, and steam navigation, of whatever nature or kind soever, excepted." The question was whether defendant

was relieved from liability for goods lost through *vis major* or by reason of any exception in his bill of lading, and it was held that the "dangers of the sea" means unavoidable accidents; that it was incumbent on the defendant to prove that due diligence and proper skill were used to avoid the accident, and that it was unavoidable. In *Tuckerman* v. *Stephens & Condit Transportation Co.*, 32 N. J. Law, 320, it is held that the burden is on the defendant to show that the accident was by reason of the perils of the sea. In *Dupont Co.* v. *Vance,* 19 How. 162 (15 L. Ed. 584), an action for value of goods jettisoned, the defense was that they were lost by perils of the sea. The court say that the first question is whether the claimant (owner of the vessel) has shown, in support of his defense, that the jettison was occasioned by peril of the sea, "but, if the unseaworthiness of the vessel, at the time of sailing on the voyage, caused or contributed to produce the necessity for the jettison, the loss is not within the exception of perils of the sea." And it was held that the burden was upon the owner of the vessel to establish the facts that bring the loss within the exception of his bill of lading. To the same effect is *Costigan* v. *Michael Transportation Company,* 33 Mo. App. 269. These were general average cases, and not salvage. If, in a salvage case, the owners of the vessel have settled the salvage with the salvors, and claim a general average therefor as an expense incident to perils of the sea, the burden is on them to show that the peril occurred without fault of the master: *Gillett* v. *Ellis,* 11 Ill. 579; *Costigan* v. *Michael Transportation Co.,* 33 Mo. App. 269. In *The Delaware,* 7 Fed. Cas. No. 3,761, it was held that it was not error not to charge the cargo for salvage where no such point was taken in the answer; the owners of the vessel being responsible for her seaworthiness, and the disaster which made the salvage necessary having occurred through her unseaworthiness.

·7. In this case the burden was upon defendant to allege the facts showing a case of salvage in which the owner of the vessel is entitled to hold the cargo for payment of its share. This the answer does not allege.

8. Therefore, without determining the effect of the failure of defendant to deny any allegations of the complaint, the facts alleged constitute no defense to plaintiff's right to recover the goods.

The judgment of the lower court is affirmed.

AFFIRMED.

---

Argued March 7, decided March 28, rehearing denied April 19, 1911.