Argued July 12; affirmed July 31; rehearing denied
September 11, 1934

## HENDRYX v. SCHOOL DISTRICT No. 4, LANE COUNTY

(35 P. (2d) 235)

*C. M. Hodges,* of Portland (Hodges & Gay, of Portland, on the brief), for appellant.

*Lawrence T. Harris,* of Eugene (Harris, Smith & Bryson, of Eugene, on the brief), for respondent.

BEAN, J. This is an action by plaintiff to recover from the defendant school district $1,260, the amount of the annual salary, which plaintiff would have earned, had she been permitted to render services as a teacher during the school year beginning on the 3d Monday of June, 1931.

The plaintiff had a life certificate to teach in the public schools of Oregon, and was perfectly qualified to teach school in that district, and had taught for several years. One of these years was in the defendant school district. On April 9, 1931, plaintiff and defendant school district, by its directors, entered into a contract in which it was mutually agreed as follows:

"That said teacher is to teach in the Public Schools of District No. 4 during the whole of the school year beginning on the third Monday of June, 1931, for the sum of $1260.00, hereinafter referred to as the annual salary, and for such service, * * * the Directors of District No. 4 shall pay the said teacher the above mentioned annual salary in twelve monthly payments, as follows: 1/12 of the annual salary when teaching service begins: *· * *

"It is understood that the school term shall consist of ten months and shall extend between such dates as the Board of Directors shall determine.

        *        *        *        *        *

"In case the teacher under this contract is a woman and she marries at any time after signing same, said teacher agrees that this contract becomes null and void. * * *"

The contract contains other appropriate provisions. Prior to the commencement of the school, on August 15, 1931, plaintiff was legally married. The Eugene schools opened for the school year of 1931-1932 on September 14, 1931. The teaching contract between plaintiff and defendant did not contemplate the rendition of any serv-

ices by plaintiff before the opening of the schools for that school year, and the plaintiff did not render any teaching or other services under the terms of the contract prior to September 9, 1931, or at any time thereafter. On that date a meeting of the school board of defendant district was held and by unanimous vote of the members of the board the teaching contract with plaintiff was cancelled and terminated by reason of the marriage of plaintiff, and a notice of such election was duly mailed to plaintiff on September 10, 1931, and received by her on September 11, 1931. The board of directors, in compliance with the requirement of the statute, caused the district clerk of defendant district to spread upon the records the fact of the plaintiff's marriage, as the material reason for the discontinuance of plaintiff's contract.

The answer of the defendant contains three separate defenses, namely, (1) cancellation of the contract on account of the marriage of plaintiff; (2) cancellation of the contract by defendant on account of the marriage of plaintiff and plaintiff's acquiescence in such cancellation, and (3) dismissal of plaintiff and cancellation of the contract by defendant, following by notice thereof to plaintiff and abandonment of the contract by plaintiff. A jury was impanelled and sworn, and after plaintiff and defendant both rested the defendant moved for a directed verdict. Thereupon, plaintiff moved for a directed verdict, and the court, in conformity with the rule, discharged the jury and made findings of fact and conclusions of law. Based upon such findings, the court entered a judgment for defendant and against plaintiff. Plaintiff appealed from this judgment.

■■ The appeal presents three assignments of error. The first assignment is predicated upon the theory

that the court erred in holding that the stipulation in the contract with reference to subsequent marriage is a valid and enforceable stipulation and not against public policy; and in rendering judgment based upon the conclusions of the court. Section 35-1105, Oregon Code 1930, provides, in part, relative to hiring of teachers, that the board, at a general or special meeting called for that purpose, shall hire teachers and shall make contracts with such teachers, which shall specify the wages, number of months to be taught and time employment is to begin, as agreed upon by the parties, and shall file such contracts in the office of the district clerk.

It is contended by plaintiff that the board of directors can exercise no other powers than those expressly granted by the statute, and such as may be necessary to carry into effect a granted power, citing *Baxter v. Davis,* 58 Or. 109 (112 P. 410, 113 P. 438); *Crawford v. School Dis. No. 7,* 68 Or. 388 (137 P. 217, 50 L. R. A. (N. S.) 147, Ann. Cas. 1915C, 477).

It will be noticed that the section of the statute just referred to is very general and does not provide all the necessary specifications of a teacher's contract. We think the authority to adopt the rule and insert the provision involved in the contract was implied and necessary to carry into effect the power granted to the directors by the statute.

Section 35-1108, Oregon Code 1930, provides that the school district board shall have entire control of the public schools of its district and the teachers employed therein, with certain exceptions which are not material here; that the board may establish such rules and regulations for the government of the teachers and pupils as are consistent with those of the state board of education as the interest of the school may require.

About 1929, the directors of this school district adopted the rule in regard to marriage, contained in the contract. It is not claimed that there is any incongruity between this rule and any rule adopted by the state board of education.

The second assignment of error is based upon the theory that the court erred in overruling plaintiff's demurrer to the second and third separate answers and defenses of the defendant, and raises practically the same question raised by the first assignment of error. We are unable to agree with learned counsel for plaintiff in regard to the contention that section 35-1105 limits the power of the directors of the school district in regard to hiring teachers. Taken in connection with section 35-1108, it plainly indicates to us that other duties are imposed upon the board of directors, and that it is their duty in the interests of the schools and the control thereof and of the teachers to adopt rules and regulations for the government of teachers, and that it was competent and proper for the district to adopt the "rule" in regard to the marriage of a woman, and incorporate the same into the contract of employment of a female teacher, and that the stipulation in the teaching contract providing for the termination of the contract in the event of the subsequent marriage of the woman teacher is valid and enforceable: Note, 81 A. L. R. 1033; *Ansorge v. Green Bay,* 198 Wis. 320 (224 N. W. 119); *Backie v. Cromwell Consol. School Dist.,* 186 Minn. 38 (242 N. W. 389); *Guilford School Tp. v. Roberts,* 28 Ind. App. 355 (62 N. E. 711); *Short v. Poole,* 1 Ch. 66 (95 L. J. Ch. (N. S.) 110, 14 B. R. C. 613); *Price v. Rhondda Urban Council,* 2 Ch. 372 (93 L. J. Ch. (N. S.) 1).

■ The so-called teachers' tenure statute has no application to district No. 4 of Lane county, Oregon. It is

conceded in the brief of plaintiff that if plaintiff, by her marriage, breached her contract, the defendant had the right summarily to discharge her. This is in conformity with the established rule as to the discharge of a teacher under the statute here involved: *Foreman v. School District No. 25,* 81 Or. 587 (159 P. 1155, 1168); *Stoddard v. School District,* 140 Or. 203, 221 (12 P. (2d) 309); *Bump v. Union School District,* 144 Or. 390, 394 (24 P. (2d) 330).

The stipulation in regard to marriage, contained in the contract, is the exercise of a right by the directors which is recognized by the legislature in districts such as the defendant district. In 1913, the legislature enacted two statutes, one known as chapter 37 and the other known as chapter 172. In 1917, by virtue of chapter 152 of the session laws, the legislature amended chapter 37 of the Laws of 1913, now codified as sections 35-2601 to 35-2611, Oregon Code 1930.

It is contended by plaintiff that the ruling of the trial court is not in conformance with the enunciation of the law in *Richards v. Dist. School Board,* 78 Or. 621, 638 (153 P. 482, L. R. A. 1916C, 789, Ann. Cas. 1917D, 266), and other cases like it.

Where, by reason of the purpose of the statute, or by reason of the language contained in the statute, it appears that the legislature has prescribed grounds of removal and the language of the statute is such as to indicate that these grounds so prescribed by the legislature are not intended to be exclusive of all others, then the directors of the school district may enter into a contract with a teacher, stipulating, among other things, that subsequent marriage shall terminate the contract: 56 C. J. 401, 403, §§ 337, 338 and 340; *Ansorge v. Green Bay,* supra; *Backie v. Cromwell Consol. School Dist.,* supra; *Guilford School Tp. v. Roberts,*

supra; *Funston v. District School Board,* 130 Or. 82 (278 P. 1075, 63 A. L. R. 1410).

The title of chapter 37, Laws of 1913, which indicates the purpose of the statute, is as follows:

"To provide for the employment and discharge of teachers, officers, and other employees in school districts now having or which at any time hereafter shall have a population of twenty thousand or more persons."

The scope and purpose of chapter 37 is primarily to provide permanent employment of teachers, and, in the accomplishment of this purpose, the legislature, in the title of the act, stated that the act is: "To provide for the employment and discharge of teachers, * * *".

The title of chapter 172, Laws of 1913, reads thus:

"To provide for the duties and powers of district school boards, including their acts in connection with incurring indebtedness of their districts and funding and refunding the same, and to repeal sections 4052, 4053, and 4054, of Lord's Oregon Laws relating thereto."

The scope and purpose of chapter 172 differs from that of chapter 37. Chapter 172 does not exhibit an intent upon the part of the legislature to create a permanent employment or the right of notice and hearing of all cases. Chapter 172 involves the right of notice and hearing only in a certain class of cases.

For the breach of a contract entered into between the board and the teacher, the teacher and the board have their ordinary legal remedies; but dismissal, based upon reasons other than breaches of the contract, is to be predicated upon notice and a hearing. The termination of the contract in question was not a dereliction or unfitness on the part of the teacher. No

explanation of the matter could remove the grounds of termination of the contract. This court, in construing chapter 172, in decisions rendered subsequent to the Richards case, has held that for a breach of the contract the board could dismiss without a notice and without a hearing, and the only requirement of the statute is that the reason of dismissal be spread upon the record of the district clerk: *West v. Hedges,* 88 Or. 158 (171 P. 766).

Since the legislative intent is not the same in the two statutes, there is no good reason why the courts should say to school districts, operating under chapter 172, that such school boards cannot insert in a contract a provision against marriage. The stipulation, in effect, regulates the time of the termination of the contract, and is of the same import as though the contract had read that it should end August 15, 1931, the date of her marriage.

We see nothing in the statute to prevent the board of directors from making a necessary condition in the employment of teachers, such as, that, if the school district was unable to obtain funds wherewith to compensate the teacher at any time during the contemplated term of the contract, the contract should then be of no force or effect.

To say that such a stipulation in a contract is contrary to public policy is to say that many of the school districts have adopted rules and legislatures of several states have enacted statutes, which have been approved by the highest courts of those states, authorizing such a provision in the contract of employment of a woman teacher, in contravention of public policy. If at any time such a stipulation was inimical to public policy, we cannot say that it is at the present date.

■ It is unnecessary for us to determine, but we think that the school board, in a district like the defendant, is entitled, in the absence of a prohibitory statute, to act upon the theory that a woman, who marries subse· quent to entering into a teaching contract, will, in the very nature of things, be engrossed with her home duties to the disadvantage of the school. That was a matter particularly within the power of the school board to determine, and somewhat in the nature of a legislative question, and is not for the court. Strong argument can be made in favor of the beneficence of the rule adopted, and also much reasoning can be displayed in favor of a contrary view, and this, we think, results, that in the exercise of its discretion the board of directors of a school district may adopt and insert in a teacher's contract such a provision. A teacher is bound to take notice of all rules of the school board, which may affect the power to dismiss: 56 C. J. 399, § 332.

According to our view of the case, it is unnecessary to pass upon the question of the acquiescence and abandonment of the contract by plaintiff, as alleged in defendant's answer. There is practically no dispute in regard to any fact in the case. Our view of the statute leads us to believe that the judgment of the circuit court was correct.

It follows that such judgment is affirmed.

RAND, C. J., and CAMPBELL and BAILEY, JJ., concur.