KINGSTON v. SCHOOL DISTRICT NO. 5 OF DECATUR
TOWNSHIP.

140   603
146    67

SCHOOLS—TEACHER'S CONTRACT—CONSTRUCTION.

Under a teacher's contract providing that she should teach the winter term at a stipulated salary, and also the spring term "providing satisfaction is given the school board," the board had a right to say whether she should teach the spring term, and, she having been notified of their determination not to employ her before time for the term to commence, she could not recover her salary, though before notice she had taught one day under a claim that the spring term had begun.

Error to Van Buren; Carr, J. Submitted April 28, 1905. (Docket No. 122.) Decided June 29, 1905.

Assumpsit by Angie E. Kingston against school district No. 5 of Decatur township upon a teacher's contract. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Barnard & Lewis*, for appellant.

*Thomas J. Cavanaugh*, for appellee.

MOORE, C. J. This action was brought against the defendant to recover damages for a claimed breach of a contract, the material parts of which read:

" It is hereby agreed, by and between the district board of school district number five in the township of Decatur, county of Van Buren and State of Michigan, for and on behalf of said district and Angie Kingston of the village of Hartford in the county of Van Buren and State of Michigan, a legally qualified teacher in said county of Van Buren, that the said Angie Kingston shall teach the fall term of school of said district for the term of two months commencing on the second day of September, in the year

nineteen hundred two, for the sum of twenty-eight dollars per month, to be paid as hereinafter specified.  *  *  *

" The said Angie Kingston further agrees to teach the winter term of three and one-half months at $28 per month, to be paid at the close of each school month.  *  *  *

" The said Angie Kingston also further agrees to teach the spring term of two and one-half months at $28 per month, to be paid at the close of each school month, providing satisfaction is given the school board."

Miss Kingston taught and was paid for the fall and winter terms. It is her claim that she entered upon the spring term, teaching one day, and held herself in readiness to teach the balance of the term. It was the claim of defendant that the district and the school board were not satisfied with her teaching, and declined to have her teach the spring term. She brought suit to recover her wages for the spring term. The circuit judge directed a verdict in favor of defendant. The appellant brings the case here by writ of error.

According to the testimony of the plaintiff on cross-examination, she closed her winter term on Wednesday, and commenced the spring term on the following Monday. She testified they were to have a two-weeks vacation, but, because they had so much vacation in the fall and winter, the board told her she better have only two days' vacation; that she began the school the next Monday, but was not allowed to teach any longer. It is the claim of the defendant that a special meeting of the district board was held on Monday evening following the close of the winter term, at which all of the members of the board were present, a part of the record of which meeting reads:

" All members of the board being present, meeting was called to order by the moderator at 7:30 p. m.   The services of Miss Angie Kingston not having in the past been satisfactory to the district board, it is moved by John W. Lewis, supported by B. W. Clark, that she be not hired to teach the spring term of school, and her services from now on be dispensed with. Motion put, all members of the board voting yes."

It is also claimed that Miss Kingston was present at this meeting, notice having been given her, and that it was held before it was time to begin the spring term.

Counsel for plaintiff say:

" We contend that the only rational construction to be given the contract is that the school board meant to hire the plaintiff for the definite time of 2½ months (or the spring term), providing she gave satisfaction during the preceding fall and winter terms; therefore the contract is not the same as though the party was hired for four months providing they gave satisfaction."

They also say:

" We contend that a school teacher is not on the same footing with a menial servant, and that a contract of this nature is against public policy. The contract of teachers is governed by statute, which provides what it shall contain, and it is not within the power of the school board to insert clauses of this nature. In *Thompson* v. *Gibbs*, 97 Tenn. 489 (34 L. R. A. 548), the court says:

" 'If school directors can legally import into their contracts of employment of public teachers a clause such as the one in question, this case illustrates the wrong and injustice which may be done under cover of law; and we agree with the solicitor of defendant that "such an injustice should not be sanctioned by the courts unless the law clearly permits it." But independent of the injury that may be done to the individual, public policy would forbid the recognition of such power unless it is distinctly conferred by the statutes. As has been well urged, if school directors can provide, as in this case, for annulling contracts at the end of four months, they can also reserve the right to terminate them at the end of one month, or at their own pleasure.' "

They also say they are entitled in any event to recover for one day's teaching. The last claim may be disposed of by saying it was not made in the court below.

We shall not attempt to discuss the propositions of counsel at length. It is impossible to read the record without reaching the conclusion that before the spring term should properly begin the school board was not satisfied with the work the teacher was doing, and did not desire her to enter upon the spring term, and so notified

her. While the contract is not very well drawn, we think under its terms the school board had the right to say Miss Kingston should not teach the spring term, and that she had knowledge of their determination before the term should properly commence.

Judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.