DEES v. BOARD OF EDUCATION OF CITY OF DETROIT.

1. SCHOOLS—TEACHERS' CONTRACTS—TERMINATION—NOTICE.
    Where a teacher's contract provides that it may be terminated on 30 days' notice a notice to terminate is effectual though given before the commencement of the service.

2. SAME—DETROIT BOARD OF EDUCATION—POWERS.
    It is within the powers of the board of education of the city of Detroit to contract with a teacher that she may be dismissed on 30 days' notice.

Error to Wayne; Brooke, J. Submitted June 12, 1906. (Docket No. 76.) Decided October 1, 1906.

Assumpsit by Joan Dees against the board of education of the city of Detroit on a teacher's contract. There was judgment for defendant, and plaintiff brings error. Affirmed.

*Wesley L. Nutten*, for appellant.

*P. J. M. Hally* (*T. E. Tarsney*, of counsel), for appellee.

BLAIR, J. Plaintiff was appointed by defendant in June, 1903, a teacher in the public schools, and a contract

tendered her, containing, among other provisions, the following:

"The conditions of this appointment are that you are subject to assignment or transfer at the discretion of the board; to dismissal upon 30 days' notice; or at any time for willful violation of any rule of the board, or for misconduct or incompetency; * * * that you will at least give one month's notice to the superintendent of intended resignation and that you know of no reason why you will not serve to the end of the term."

Plaintiff accepted the appointment in writing, as follows:

"I accept the appointment of teacher in the public schools of Detroit, tendered me in your notice dated June 15, 1903, at the salary named and agree to the conditions prescribed therein."

Prior to the commencement of her term of service, defendant notified plaintiff of her dismissal, and paid her one month's salary. Plaintiff refused to accept her dismissal, tendered performance of the services contracted for, and notified defendant that she should insist upon her salary for the year. This action was brought to recover such salary. There being no disputed facts, the jury which heard the evidence was discharged by consent, and the determination of the case left to the circuit judge, who found for the defendant, and entered judgment of no cause of action. To reverse this judgment, plaintiff brings the cause to this court by writ of error. The contract is plain and unambiguous, and clearly gave the right to discharge the plaintiff, if the provision as to dismissal upon 30 days' notice was within the legal powers of the board. The fact that the notice of dismissal was given before the commencement of the service was unimportant. *Derry* v. *Board of Education*, 102 Mich. 631. A different question would arise if it were sought to determine the contract on the ground of the teacher's incompetency before the beginning of the term. Plaintiff insists, however, "that the 30-day clause in question is

against public policy and void." As this point was not made in *Derry* v. *Board of Education,* supra, nor considered by the court, we must regard it as open. Counsel cite in support of this contention: *Thompson* v. *Gibbs,* 97 Tenn. 489 (34 L. R. A. 548). That case, like *Carver* v. *School District,* 113 Mich. 529, was decided upon a construction of statutory provisions. The Tennessee statute, after giving the school directors power to employ teachers, authorized them "to dismiss them for incompetence, improper conduct, or inattention." It was, therefore, held that:

"This right of dismissal is, however, limited to the causes of removal specified in the statute."

The provisions of the statute under consideration in *Carver* v. *School District,* supra, do not govern the case now before us. As said by this court in *Coffin* v. *Board of Education,* 114 Mich. 342:

" The contract of employment was not like the one in *Carver* v. *School District,* 113 Mich. 524. There the statute prescribed what the contract should contain."

In the instant case, the Detroit charter, § 599 (compilation of 1904), confers extensive powers upon the school board:

" Said board shall also have authority to make by-laws and ordinances relative to making of all necessary reports and transmitting the same to the proper officers, as designated by law, so that said city may be entitled to its proportion of the primary school fund; relative to the visitation of schools; relative to the length of time schools may be kept, which shall not be less than three months in each year; relative to the employment and examination of teachers, their powers and duties; relative to the regulation of schools and the books to be used therein;   *   *   * relative to anything whatever that may advance the interests of education, the good government and prosperity of the free schools in said city and the welfare of the public concerning the same."

The regulations which the legislature has itself seen fit to prescribe for schools generally it has authorized the

board of education of Detroit to determine for the schools of Detroit, and we think the provision in question was within the authority granted. *Weatherly* v. *Mayor, etc., of Chattanooga* (Tenn. Ch. App.), 48 S. W. 136.

The judgment is affirmed.

MONTGOMERY, J.  I think it not essential to a decision to determine whether the school board may under a general statute incorporate grounds for terminating the teacher's contract in addition to those prescribed by statute, and prefer to express no opinion upon that question. I concur in the conclusion reached by Mr. Justice BLAIR.

OSTRANDER, J.  I concur in affirming the judgment of the court below.  I agree with Mr. Justice BLAIR in the conclusion that the powers of the defendant board of education are sufficiently broad to support the contract in question.  It is the import of the opinion, however, emphasized, it seems to me, by the omission to refer in any way to the opinion of this court in *Kingston* v. *School District*, 140 Mich. 603, that the contract can be sustained only because the powers of the defendant board of education are greater than those of the ordinary district board. In other words, the effect of the opinion is that it is not competent in ordinary cases for the school district and the teacher to agree in writing that the contract of employment may be terminated upon 30 days' notice given by either.  So far as the contracts are concerned, the only difference between the one here involved and the one in *Coffin* v. *Board of Education*, 114 Mich. 342, are the provisions precisely in question here, viz.: "to dismissal upon 30 days' notice" and "you will at least give one month's notice to the superintendent of intended resignation," provisions which did not appear in the contract in that case and are in the contract in the case at bar.  It is said in the brief of counsel for defendant that the experience of the defendant board in the *Coffin Case* led to the adoption of the form of contract which is questioned in

the present case. I know of no decision of this court in which the rule is laid down that the ordinary school district and the teacher may not contract to terminate the contract upon notice.

HOOKER and MOORE, JJ., concurred with OSTRANDER, J.