FINCH v. FRACTIONAL SCHOOL DISTRICT NO. 1 OF VASSAR AND NO. 2 OF TUSCOLA.

1. SCHOOLS AND SCHOOL DISTRICTS — FINDING BY BOARD AFTER HEARING ON CHARGES OF IMMORALITY AGAINST SUPERINTENDENT CONCLUSIVE IN ABSENCE OF FRAUD.

Where a school board, after appointing a time and place of hearing of charges against its superintendent, and giving him due notice thereof, found him guilty of gross immorality in that he habitually used profane language in the presence and hearing of his pupils, and therefore · dismissed him, as his contract with the board gave it the right to do, its finding was conclusive, in the absence of bad faith or clear abuse of its powers, and in an action by him for salary accruing after his dismissal, a verdict for defendant should have been directed.

2. SAME—BURDEN OF PROOF—WRONGFUL DISCHARGE—MASTER AND SERVANT.

The rule that, in an action for wrongful discharge from employment, the burden of showing good and sufficient cause for such discharge rests upon defendant after plaintiff has proved his contract, and its performance by

him up to the time of his discharge, *held*, not applicable to this case.

Error to Tuscola; Williams (William B.), J., presiding.     Submitted June 19, 1923. ・ (Docket No. 26.) Decided January 7, 1924.

Assumpsit by Earl R. Finch against Fractional School District No. 1 of Vassar and No. 2 of Tuscola for an installment due on a teacher's contract.     Judgment for plaintiff.     Defendant brings error.     Reversed.

*Quinn & Wixson* (*J. C. Hewitt*, of counsel), for appellant.

*H. H. Smith* (*B. F. Reed* of counsel), for appellee.

CLARK, C. J.     Plaintiff was hired as superintendent of schools of the defendant school district.     A provision of the written contract signed by the parties, here material, is that if plaintiff shall be dismissed from the school by the board of trustees for gross immorality he shall not be entitled to any compensation from and after such dismissal.     The board had before it charges of gross immorality against the plaintiff, in substance, that plaintiff had frequently taken the name of God in vain and had used, habitually, profane language in the presence and hearing of his pupils.     The board appointed a time and place of hearing, and notified plaintiff thereof.     He did not attend for a reason claimed by him to be sufficient.     After the hearing, the board found him guilty of such gross immorality.     He was dismissed.     He reported for work and was refused. ・ He sued for a subsequent monthly installment of salary.     The declaration was on the common counts, with notice appended that, under the money counts the contract, fully set forth,

would be offered in evidence, and with bill of particulars, claiming one monthly installment of salary. The only question submitted to the jury was, Did plaintiff frequently use the name of God irreverently in the presence and hearing of his pupils? Plaintiff had verdict and judgment. Defendant brings error.

The board followed a proper practice in appointing a time and place of hearing and in giving plaintiff due notice thereof. 3 Abbott, Municipal Corporations, pp. 2430, 2431. The rule that, in an action for wrongful discharge from employment, the burden of showing good and sufficient cause for such discharge rests upon defendant after plaintiff has proved his contract and its performance by him up to the time of discharge, *Milligan* v. *Sligh Furniture Co.*, 111 Mich. 629, is not applicable here.

The school board, a deliberative public body, in the exercise of a right, here reserved by contract, went to a hearing, *quasi*-judicial in character, and, having grounds to sustain its finding, found that plaintiff had been guilty of gross immorality and dismissed him. Surely, the school district may not be required to accept the finding of a jury upon this question rather than the finding of its school board. If such finding by the school board may be reviewed and reversed by a jury, the government of our schools may be impaired and the position of school boards in dealing with such cases will be precarious indeed. Such finding and determination of the board are conclusive unless the board acted corruptly, in bad faith, or in clear abuse of its powers. A verdict should have been directed for defendant. See 35 Cyc. pp. 1087-1095; 24 R. C. L. p. 618; Voorhees, Law of Schools, pp. 161, 162; Taylor, Public School Law, pp. 289-294; *McCrea* v. *School District,* 145 Pa. St. 550 (22 Atl. 1040) ; *Wallace* v. *School District,* 50 Neb. 171 (69 N. W. 772) ; *School District* v. *Maury,* 53 Ark. 471 (14 S. W. 669) ; *Carver* v. *School District,* 113 Mich. 524; *Derry* v. *Board of*

*Education*, 102 Mich. 631; *Kingston* v. *School District*, 140 Mich. 603; *Dees* v. *Board of Education*, 146 Mich. 64; *Coffin* v. *Board of Education*, 114 Mich. 342; *Wieman* v. *Mabee*, 45 Mich. 484 (40 Am. Rep. 477).

The sufficiency of the declaration is challenged and many other questions are raised under 124 assignments of error, but, in our view of the case, these questions require no discussion.

Judgment reversed with costs to defendant. New trial granted.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.