Kuebler, Appellant, vs. City of Two Rivers, Respondent.

*November 5—December 4, 1934.*

For the appellant there was a brief by *Benton, Bosser & Tuttrup,* and oral argument by *Edgar E. Becker,* all of Appleton.

*F. W. Dicke,* of Two Rivers, for the respondent.

Nelson, J. The facts are not in dispute. On April 25, 1932, the plaintiff and the defendant, through its school board, entered into a contract wherein and whereby the plaintiff agreed to teach in the high school of the city of Two Rivers "for the term of ten months during the school year of 1932 and 1933, for the sum of $157.51 per month, with a temporary emergency reduction of ten per cent during the period of the contract." The contract contained the following provision:

"It is expressly stipulated that this contract can be terminated by the said Board of Education, whenever the said

teacher fails to carry out the established rules of the Board of Education for the government of the schools; or, whenever said teacher proves herself unqualified to perform the work that this contract calls for, to the satisfaction of the officials of said district; or by either party by giving 60 days' notice in writing."

On or about July 19, 1932, the superintendent of schools of the city of Two Rivers sent the plaintiff a written notice to the effect that the defendant could not fulfil its contract with the plaintiff, that the contract was terminated effective sixty days thereafter, and that it was necessary to eliminate her position in order to balance the budget. On account of a very substantial cut in the appropriations made by the common council to the school board, it was necessary to retrench by eliminating certain departments and teacher positions. A letter fully explaining the situation which confronted the school board accompanied the notice of the termination of the contract. The plaintiff resided in the state of Nebraska and received the notice on July 23, 1932. Notwithstanding the notice the plaintiff reported for work on September 12, 1932, and was able, ready, and willing to perform her contract. She was apparently unable to obtain other employment to minimize her asserted damages and thereafter brought this action to recover the full amount of her salary.

The sole question presented for determination is whether the following provision in the contract is valid:

"It is expressly stipulated that this contract can be terminated . . . by either party by giving 60 days' notice in writing."

The powers and duties of city school boards are specified in sec. 40.53 of the 1931 Statutes. So far as here material they are as follows:

"(1) The school board shall have the powers and be charged with the duties of common school district boards as

far as the same are not otherwise provided for or limited by statute.

"(2) The school board shall have power to establish and organize such high schools, elementary schools, night schools, and kindergartens as it shall deem expedient.

"(3) . . .

"(4) To employ a city superintendent but for not longer than three years at a time; and to employ assistant superintendents, school principals and teachers."

The plaintiff contends that the school board was without authority to enter into a contract with a teacher containing a provision authorizing the board to terminate it on sixty days' notice; and that such a provision is void. She relies on *Tripp v. School District,* 50 Wis. 651, 7 N. W. 840. In that case the following provision of a contract was considered:

"We [referring to the school board] reserve the right to close the school at any time if not satisfactory to us."

In that case it was held that that provision was invalid because the district board was neither expressly authorized by statute to so contract nor could such authority be fairly implied from the nature of the duties imposed, or services required by law to be performed by the district board. The court in that case, after reciting statutes deemed applicable, concluded that they did not expressly confer upon district boards the power to discharge a teacher before the expiration of the term for which he was hired; that under the visitorial powers conferred upon a district board, it had the power to close a school and discharge a teacher, if he was in fact incompetent to teach or govern the school, or if he was not duly performing his contract, without calling a meeting of the electors of the district to take action upon the subject. The decision in that case was based upon several grounds: (1) That the statutory law then existing did not expressly authorize the board to enter into such a contract; (2) that

the good order and usefulness of the schools would be greatly prejudiced by holding that district boards had such power; and (3) that in hiring a teacher the district board simply acted as the agent of the district, and while it as agent could employ a teacher it could not discharge him without the consent or approval of the principal, the district, unless he was guilty of some breach of his contract which, at common law, would justify an employer in discharging his servant, or unless the teacher had lost all right to teach the school by reason of the annulment of his certificate in the manner prescribed by law.

In our opinion that case does not rule the present action. No statutes such as were involved in that action are applicable here. The powers conferred upon city boards by sec. 40.53, Stats., are much broader than the powers which were conferred upon district boards when *Tripp v. School District, supra,* was decided. City school boards are authorized "to employ teachers." That power is in no manner limited. No reason is perceived why the parties to a city teacher contract may not agree that it may be terminated by either party upon notice. In *Dees v. Board of Education of City of Detroit,* 146 Mich. 64, 109 N. W. 39, a contract which provided that the school board might terminate a contract with a teacher upon thirty days' notice was held to be valid, within the powers of the board to make, and not against public policy. It is our opinion that the conclusion reached in that case is sound.

The contract here was clear and unambiguous. It purported to give to both parties the right to terminate it on sixty days' notice. The provision in question was apparently included in teachers' contracts to take care of a situation which might arise because of a probable cut in the appropriations to the school board which the common council might find it necessary to make. The situation which con-

fronted the school board after the common council had greatly reduced its appropriation had to be met by substantial retrenchment. No suggestion is made that either the school board or the school superintendent acted other than in the public interest and to meet a grave financial situation.

The plaintiff was permitted to recover for the eight days which she might have taught prior to the effective date of the termination of the contract. Since it is our opinion that the contract assailed is valid, and was within the powers of the board to enter into, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.