# Thompson v. Pendleton County Board of Education et al.

(Decided April 23, 1935.)

L. M. ACKMAN and L. P. FRYER for appellant.

C. C. ADAMS, HANSON PETERSON and A. H. BARKER for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The county board of education of Pendleton county employed the appellant, Forest S. Thompson, as teacher and principal of the Morgan High School of Pendleton County for the school year 1933-34. In February, 1934, a number of the citizens and taxpayers of the school district petitioned the board of education for the removal of appellant as principal and teacher of the said school on grounds of neglect of duty, immoral conduct, and incompetency. The board heard the evidence and sustained the charges and discharged appellant as teacher and principal of the school, and he then brought this action in the Pendleton circuit court seeking a mandatory injunction requiring the board to assemble and set aside their order of dismissal and reinstate him to his position. Upon a review of the record the trial court refused the relief sought. Hence this appeal.

It was charged that appellant had at various times absented himself from the school when it was in session, on an average of two hours per day three or four times

each week, leaving no one in charge of the school. It was further charged that he became infatuated with a lady teacher of the school and persisted in paying her undue attentions; that he asked her for dates and social engagements and proposed to take her to distant cities and towns to picture shows and ball games; that he was a married man and did not propose or suggest that his wife or any one accompany them on such proposed trips; that he would caress her and often kiss her hand and told her how much he loved her, and objected to her engagements or associations with her gentlemen friends, under threat of discharging her as a teacher if she did so. It was further charged, and so shown by the evidence, that during the campaign for the election of school trustees he demanded of this lady teacher that she contribute $25 to the candidacy of a certain trustee and coerced her to pay said sum under threat to discharge her as a teacher if she failed to do so. It is also charged and shown by the evidence that appellant went to the boarding houses or homes of two other lady teachers who were teaching in the rural schools of the county, and asked them for engagements and proposed to take them to distant cities and places, and engaged in conversation and conduct toward them similar to that detailed above with respect to the lady teacher of his school. Many other acts of similar conduct and incidents are detailed in the charges and evidence. It would serve no useful purpose to mention the names of these lady teachers or give further details of improper advances and conduct as above indicated. However, in justice to the lady teachers we deem it fair to them to say that there is nothing in the record that would in the least reflect on their moral character, integrity, or conduct as teachers or otherwise. In fact, in those respects their conduct and demeanor was, indeed, commendable. Neither, is there any proof of actual immoral conduct on the part of the appellant, in the usual acceptation of that term. However, the evidence strongly tends to show that appellant's conduct and demeanor was improper, in view of the position he occupied, which, in the very nature of things, required discretion and exemplary conduct, especially toward the teachers and pupils of his school.

In Gover v. Stovall et al., 237 Ky. 172, 35 S. W. (2d) 24, 26, Gover was discharged as a teacher in a high school in Grayson county, Ky., upon charges and

evidence no stronger nor of any more serious nature than the charges and evidence revealed in the instant case. After reciting many definitions of the words "bad behavior," "improper conduct," "mismanagement," and "wrong conduct," this court said:

> "Plaintiff in this case was a teacher in the public schools, and was so circumstanced as both patrons and pupils regarded him in the light of an exemplar whose conduct might be followed by his pupils, and the law by necessary intendment demands and requires that he should not engage in any conduct inevitably calculated to invite criticism and of a nature and character justly productive of suspicions of immorality."

It is insisted for appellant that the members of the board of education who tried and discharged him were prejudiced and hostile and, therefore disqualified to try him. Conceding, without deciding, that the members of the board entertained such feeling toward appellant, that did not disqualify them to hear and try him on the charges, nor afford grounds of reversal or interference with their finding.

In Arbogast v. Weber, Mayor, et al., 249 Ky. 20, 60 S. W. (2d) 144, it is held that city commissioners may not on grounds of bias or prejudice be enjoined from acting on charges against a co-member of their body for official misconduct, and if the commissioners acted arbitrarily in removing the accused from office he would have remedy as in other cases of improper action by administrative officers. See, also, to the same effect, Howard v. Bell County Board of Education, 247 Ky. 586, 57 S. W. (2d) 466.

In the cases, supra, the powers and authorities of the board of education are discussed and the law as pronounced in those cases is applicable to the instant case.

Section 4399a-7 of the Kentucky Statutes, under which the board acted, invested the board with such power and authority, and its findings are conclusive on the courts, unless it is clearly shown that the board exercised an abuse of discretion. Meade County Board of Education et al. v. Powell, 254 Ky. 352, 71 S. W. (2d) 638.

Under the facts disclosed by this record, we do not think that the board exercised an abuse of discretion and that the charges and evidence are sufficient to sustain its finding.

Wherefore the judgment is affirmed.

The whole court sitting.