KING *v.* WELLS, superintendent, *et al.*

No. 13255. SEPTEMBER 25, 1940.

*Robert T. Speer,* for plaintiff.

*Sutherland, Tuttle & Brennan,* for defendants.

REID, Chief Justice. Rosa P. King had been employed in the Fulton County School system as a teacher for fourteen years. On

June 7, 1939, she was given written notice by Mr. Wells, county school superintendent, that he would prefer charges against her "before the Fulton County Board of Education on Tuesday afternoon, June 20th, for being inefficient as principal of the Thomasville School, because of repeated requests made during the past school year for reports and the remittances of funds due the school system, collected by you as principal of the school, and your failure to turn over said funds as requested." "You have a right," the notice continued, "to be present at this meeting and to be heard by the board in defense of yourself, if you care to be present. It is my purpose to ask the board to remove you from the school system as a teacher, because of your inefficiency." On the appointed day Rosa King appeared before the board in person and by attorney. A hearing was held; and the board found that she should be dismissed from the school system, as recommended by the superintendent. Contending that her removal was illegal under the act of 1937 (Ga. L. 1937, p. 879), she filed a petition setting forth, among others, the above facts, and seeking a writ of mandamus against the superintendent and the board, to compel them to furnish her a contract of employment "as a teacher or principal of her grade until her employment in the Fulton County School System has been legally terminated," to pay her salary since her discharge, and further to pay over to her a certain sum withheld out of her past salary to cover an alleged shortage in her accounts. A general demurrer to this petition was sustained. Exceptions are taken to this judgment.

The allegations of the petition attacking the hearing and order of removal appear in paragraphs 7 through 19, and are as follows: "7. That petitioner did answer, on June 20, 1939, charges preferred, and request of Board of Education set of rules of said hearing, and was informed there were no set of rules so governing said hearing. 8. That said petitioner states the hearing was not fair and impartial, was biased and unfair in every particular, and contrary to law; therefore void and without standing. 9. That the charges preferred by Mr. Jere A. Wells, superintendent, were so brought to the attention of the board by Mr. Wells, but after the hearing petitioner and counsel for petitioner were requested to remove from the room, but Mr. Wells remained in the room during the decision of the board members who were present, and in that

respect he helped to answer further questions of the board members, which was not fair and impartial and brought influence to bear upon them. 10. That the hearing was not a fair and impartial hearing, inasmuch as there is no power to issue subpœnas so that witnesses can be made to attend the hearing and give evidence, but they came by to see Mr. Wells, at their convenience, and were not questioned by opposing counsel. 11. That petitioner was not inefficient in the true and due performance of her duties as principal of Thomasville School, as charged in the letter sent her by Mr. Jere A. Wells, superintendent of Fulton County Board of Education, but on the contrary was most efficient in that she was never asked to turn over books or make reports that were not turned over or made as requested. 12. That petitioner had made all reports and turned them in, and accounted for all funds so requested to collect. 13. That petitioner was requested by Mr. Wells, superintendent of the Board of Education, to collect fees in nickels, dimes, quarters, etc., and to give receipts for same, and to turn it into the office when the amount was in sufficient volume to justify turning it in, and petitioner did collect 5-10-25 cents and kept said funds in a container, and when she was to bring the container into the office it was taken from her without her knowledge and consent, as per affidavit attached and marked 'Exhibit B.' 14. That petitioner has gone before the board with a formal request to give her back the $29.80 of her salary that was deducted by said board under protest and held in escrow, which was the amount of fees collected in installments of 5-10-15-20-25 cents at a time, and was kept in her possession and was taken from her against her wishes, knowledge, and control, as per affidavit quoted in paragraph 13, marked 'Exhibit B.' 15. That petitioner was acting at the will and direction of Mr. Wells . . in the performance of her duties as principal and at his instance and request by collecting said fees, and she was not aware of the amount involved until a final audit of her records was made. 16. The civil-service act further provides that teachers coming within its purview 'shall not be discharged without notice being given to them of the charges preferred, and an opportunity to be heard.' Petitioner alleges that charges were preferred, but her hearing was not fair and impartial; it was illegal and contrary to law; no rules were made by the board, which is one of the powers granted under the act . . as quoted

in paragraph 3, the findings thereof [sic] in nullity and void. 17. Petitioner alleges that her hearing was not fair and impartial, as she had the janitor at the hearing and the board wanted to question him, and they replied no questions. 18. Petitioner alleges that all reports are properly filed with the board, and no requests were made upon her during the term for any reports. 19. Petitioner alleges that all money has been turned in that was due, and the board deducted $29.80 out of her pay to cover the money held by her for the Board of Education of Fulton County, which was taken from her without her knowledge and consent."

Section 1 of the act of 1937 provides that "In all counties of this State which have a population in excess of 200,000 under the last or any future census of the United States, all teachers and other employees employed by the board of education of such counties shall serve during good hehavior and efficient service under such rules and regulations as may be established by the board of education." Section 2 provides that all teachers, supervisors, principals, and other employees of such county boards of education, who shall have been on the effective date of the act (July 1, 1937) or thereafter employed for a period of three years "shall be automatically reappointed by the county board of education, and no person shall be discharged from such position or refused reappointment, except for disability, inefficiency, insubordination, or moral turpitude." Section 3 provides that "The boards of education of such counties shall adopt such rules and regulations for the persons who are under this act placed under civil service, including those employed in the future, so that they shall serve during good behavior and efficient service, and so that they shall not be discharged without notice being given to them, charges preferred, and opportunity to be heard. No employee shall be discriminated against for the exercise of any constitutional right." The purport of this act is to make the tenure of teachers and other employees of school systems in counties having a population of 200,000 or more, who have been employed therein for a period of three years, continuous from year to year, unless removed "for disability, inefficiency, insubordination or moral turpitude." It is, as this court has already stated, designed "to protect competent and qualified teachers of the public schools of the counties in the security of their positions, thus accomplishing the dual object of security of the

teachers in their positions and benefit to the public resulting from placing the tenure of positions on demonstrated qualification and merit." *Long* v. *Wells,* 186 *Ga.* 602, 609 (198 S. E. 763). The weight of authority is to the effect that the decision of the board removing a teacher upon one of the statutory grounds will not be interfered with or reviewed by the courts, unless the board acted in bad faith, arbitrarily, corruptly, fraudulently, or in gross abuse of its discretion, or unless the board acted outside of its jurisdiction or in excess of the power granted under the statute. 56 C. J. 409; Courtright v. Consolidated Independent School District, 203 Iowa, 26 (212 N. W. 368); Chehock v. Independent School District, 210 Iowa, 258 (228 N. W. 585); Thompson v. Pendleton County Board of Education, 258 Ky. 843 (81 S. W. 2d, 863); School City of Elwood v. State ex rel. Griffin, 203 Ind. 626 (180 N. E. 471); Baird v. School District No. 25, 41 Wyo. 451 (287 Pac. 308); Hyde v. Board of Com'rs of Wells County, 209 Ind. 245 (198 N. E. 333). Cf. *Board of Education of Richmond County* v. *Young,* 187 *Ga.* 644 (4) (1 S. E. 2d, 739); *Bryant* v. *Board of Education of Colquitt County,* 156 *Ga.* 688 (119 S. E. 601); *Meadows* v. *Board of Education of Paulding County,* 136 *Ga.* 153 (71 S. E. 146).

The only allegation above set out which is discussed or in any wise mentioned in the brief of counsel for the plaintiff is that having to do with the failure of the board to adopt certain rules and regulations. It is proper to assume that all other points are abandoned. Since the argument is that the board had no jurisdiction or power to remove the plaintiff, because of its failure to adopt rules and regulations as required by the act, no approval of the rule as above stated need be made here, except in so far as permits recourse to the courts where the board acts beyond its power and jurisdiction. Counsel for plaintiff is clear upon the point that section 3 of the act requires the board to make rules and regulations; but on the question of what character of rules and regulations the board is required to make, and how the failure to so act affected the rights of plaintiff, no definite answer is given. Not one rule that should have been adopted is suggested. Counsel makes reference indiscriminately to rules and regulations "as would govern the employment and conduct of all teachers," and also to rules and regulations "governing said hearing." It will be

observed that the promulgation of rules and regulations by the board of education is provided for in both sections 1 and 3 of the act. Counsel for plaintiff cites in support of his argument only section 3. This, no doubt, is due to the fact that the provisions of section 1 are clearly permissive. We deem it not amiss, however, to consider both sections. Under section 1, teachers and other employees of the board of education of a county with more than 200,000 population "serve during good behavior and efficient service, under such rules and regulations as may be established by the board of education." This provision authorizes the board to promulgate rules and regulations fixing the duties of its employees, and providing the method and manner of their performance, and otherwise establishing a standard of conduct adjudged by them to be essential to efficiency and good behavior. See *Long* v. *Wells,* supra; Backie *v.* Cromwell School Dist., 186 Minn. 38 (242 N. W. 389). The power here conferred is clearly for the benefit of the school system, and what rules, if any, should be formulated is left to their good judgment.

The rules and regulations to be adopted under the provisions of section 3 are to be such as will insure the continued service of employees falling under the act, "during good behavior and efficient service, and so that they shall not be discharged without notice being given to them, charges preferred, and opportunity to be heard." The substantial effect of this provision is to prevent the removal of any employee by the board except on the grounds stated in the act, and then only after notice of the charge and opportunity to be heard in defense. See generally: *Board of Education of Richmond County* v. *Young,* supra; *Brewer* v. *Johnson,* 184 *Ga.* 806 (193 S. E. 778); *Blount* v. *Parham,* 184 *Ga.* 515 (191 S. E. 911); *McAfee* v. *Board of Firemasters of Atlanta,* 186 *Ga.* 262 (197 S. E. 802); *Talmadge* v. *Cordell,* 167 *Ga.* 594 (146 S. E. 467); *City of Macon* v. *Bunch,* 156 *Ga.* 27 (118 S. E. 769); *City of Nashville* v. *Whitley,* 53 *Ga. App.* 587 (186 S. E. 717). And this appears to us to be the whole purpose of the provision. The rules to be adopted by the board are manifestly rules of "self-restraint," which will insure the board's observance of the rule of the statute itself. As we read the statute it was merely contemplated by the General Assembly that the board should conduct itself in accordance with its terms. In other words, it should per-

mit employees falling within the act to continue in service from year to year, "during good behavior and efficient service," and should remove no employee on the grounds stated unless notice of charges be given and an opportunity to be heard in defense. It is not the *written* rule passed by the board providing for notice of charges, hearing, and opportunity to be heard that is important to the employee, but rather *the fact* of notice and an opportunity to be heard. If the charge against an employee is based on grounds found in the act, and she is given reasonable notice thereof and an opportunity to be heard in defense, she has been accorded all of the rights given to her by the act. In such case it is of no material importance or concern to the employee that the board had passed no written rules designed to accomplish that which was actually done. As against such discharged employee, the power and jurisdiction of the board in the action taken is not dependent on the existence or non-existence of rules, but rather on whether in fact the board did or did not accord to the employee all of her substantial rights under the act. To hold otherwise would be the "extreme of legal ceremoniousness." *Doyle* v. *Martin,* 61 *Ga.* 410, 412. In the present case the plaintiff admits receipt of notice from the superintendent that she would be charged with inefficiency because of her failure to report and account for funds collected by her, before the board of education. She makes no claim that the notice was insufficient to apprise her of the charge to be made, or that it did not afford her ample time to prepare her defense. She in fact appeared before the board in person and by attorney. Neither does she claim that the specific charge made therein that she failed to report and account for funds collected by her did not amount to "inefficiency," within the meaning of the act. It is our opinion that she presents no grounds for interference by the courts with the judgment of the board, removing her, and accordingly shows no right to be restored as a teacher or to be paid her salary since her discharge.

The additional relief sought, to require the board to return to the plaintiff a sum retained from salary earned before her discharge, for an alleged shortage in her accounts, is not mentioned or otherwise discussed in the brief of her counsel. In so far as her right to this relief is not governed adversely to her by what is said

above, it is treated as abandoned, and no specific ruling in reference thereto need be made.

> *Judgment affirmed. All the Justices concur.*