JOHN F. BARTLETT v. DULUTH TEACHERS RETIREMENT FUND ASSOCIATION.[1]

August 22, 1947.

No. 34,462.

[1]Reported in 28 N. W. (2d) 740.

*Abbott, MacPherran, Dancer & Montague,* for appellant.
*Lewis, Hammer & Heaney,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying defendant's motion for amended findings and conclusions, which were in favor of plaintiff, or for a new trial.

Plaintiff was a resident of Duluth and for about 35 years was employed by its board of education as a teacher and principal in its public schools. Defendant, a Minnesota corporation, was incorporated for the general purpose of securing a fund from contributions by its members, from such taxes as may be levied and collected for such fund, from donations, and from other available sources, to control and manage such funds, for the purpose of paying annuities to its members retiring from the service of the board of education upon or after reaching 55 years of age, and for other purposes in connection with benefits for its members. Plaintiff has been a member of defendant ever since it was incorporated.

Defendant's articles of incorporation provide for the payment of certain contributions by its members in amounts to be computed and based on the age at which the member begins payment and on the salary paid to such member by the board of education. The by-laws further provide, among other things, that in consideration of such payments made by its members defendant will pay to any member who has attained the age of 55 years and has ceased to be in the employ of said board a superannuation benefit consisting of an annuity payable to the member to the date of his death equal to one-seventieth of the average contract salary of the member for the last ten years of his service multiplied by the number of years of

service for which he has paid contributions, such payments to be made in ten equal installments each year.

Plaintiff was employed by the board from September 1909 until the latter part of February 1944, when the board gave him a leave of absence until February 1, 1945. According to the record, from the time he became a member in 1913 he made the necessary contributions required of him by defendant for the purpose of providing an annuity or pension for himself.

It appears that sometime in January or February 1944 complaints were made to some members of the board concerning the conduct of plaintiff. The exact nature of these complaints does not appear in the record. Apparently plaintiff was willing to discontinue teaching if he could be assured that in so doing he would not terminate his pension rights. Plaintiff and the board came to an understanding that if plaintiff would stop teaching at once and would resign as of February 1, 1945, the board would give him sick payments to March 15, 1944, and a leave of absence to February 1, 1945. Accordingly, on February 26, 1944, plaintiff wrote Mr. Wiener the following letter:

"My health has not been of the best the last few years and I have thought very seriously of retiring at the age of fifty-five, but this won't be until February 1st of 1945. I do not believe my health would hold out that long, consequently, I would like to ask for a leave of absence to begin March 18, 1944, and to continue this leave until February 1, 1945, at which time please consider my resignation.

"I hope the Board of Education will consider this favorably."

He received the following reply, dated March 10, 1944, from Mr. Wiener, executive officer of the board.

"The following resolution was accepted by the Board of Education at its adjourned regular meeting held Monday, February 28, 1944:

" 'Director Meinhardt on behalf of the Committee on Schools, presented a recommendation that Mr. J. F. Bartlett be granted a leave of absence for the period from March 18, 1944 to February 1,

1945, and that his written resignation, which has been filed with Executive Officer Wiener, be accepted effective as of February 1, 1945. The Committee further recommended that sick leave with full pay be granted to Mr. Bartlett for the payroll period up to and including March 17, 1944. Director Meinhardt moved the adoption of these recommendations. Director Martini seconded the motion and upon a vote being taken same was duly carried.'

"On this basis you will be able to retire from the Duluth Public Schools on February 1, 1945. I hope for you the best of success in your new venture."

Plaintiff became 55 years of age on February 1, 1945, and subsequently, within the time limited by the articles of defendant, applied to defendant for permission to pay up the amount which would have been deducted from his salary and paid to defendant had plaintiff been receiving a salary from the board for the period from March 18, 1944, to February 1, 1945, and requested that defendant begin paying his annuity. Both of these requests were denied, and on February 1, 1946, plaintiff commenced this action for annuity payments, with interest thereon from the due date.

Defendant submits several questions for determination, but it appears to us that the real issues for consideration are as follows: (1) Whether plaintiff was still in the employ of the board on February 1, 1945, so as to bring him within the benefits of defendant's retirement fund, even though the board, on February 28, 1944, had granted him a leave of absence to February 1, 1945, and had accepted his resignation to become effective on February 1, 1945; and (2) whether the trial court erred in denying defendant's motion for a new trial.

The record shows that at the time the board granted plaintiff a leave of absence he had a written contract of employment with the board and had been so employed for a period of nearly 35 years. Under the terms of the contract and by law, his status as a teacher appears to have been protected by the teachers tenure act, M. S. A. §§ 130.24 to 130.31. Section 130.26 provides:

"The charges against a teacher shall be in writing and signed by the person making the same and then filed with the secretary or clerk of the school board or commissioner having charge of the school in which the teacher is employed. Such school board or commissioner before discharging or demoting a teacher shall then accord the teacher against whom such charges have been filed a full hearing * * *."

No formal written charges were ever filed against plaintiff, and no hearing was had as contemplated by the statute.

There is no evidence to show that plaintiff ever resigned or surrendered his right or status as a teacher prior to February 1, 1945, as his letter of February 26, 1944, specifically asked for a leave of absence until February 1, 1945, "at which time please consider my resignation." The resolution of the board, dated February 28, 1944, adopted the recommendation that plaintiff be given a leave of absence to February 1, 1945, and that his resignation "be accepted effective as of February 1, 1945." It clearly appears from the record that there was no misunderstanding between plaintiff and the board as to the intentions of the parties. Plaintiff was in the employ of the board when he wrote the board on February 26 and also when the resolution of the board was adopted on February 28. He had never been discharged in compliance with the teachers tenure act; he never intentionally resigned until February 1, 1945. The board granted him a leave of absence, which it had a right to do. The leave granted was not in violation of its rules. It was responsible for the management and discipline of the schools, and plaintiff was the principal of one of its schools, with grades ranging from kindergarten to sixth.

In Anderson v. Consolidated School Dist. 196 Minn. 256, 257, 264 N. W. 784, this court said:

"* * * The management of our schools is an important function. It is vested in our boards of education to the exclusion even of juries and judges. Nowhere does it touch public welfare more intimately or at a more sensitive point than in respect to the primary grades,

where the pupils are at the most impressionable period of their school experience. There, if anywhere, the responsibility of the supervising board is to be concentrated rather than diluted, * * *."

Again, in Backie v. Cromwell Consolidated School Dist. 186 Minn. 38, 40, 242 N. W. 389, 390, this court said with reference to school boards:

"* * * Such board is necessarily clothed with broad discretionary power in formulating and maintaining proper rules and regulations."

Article VIII of defendant's articles of incorporation provides in part:

"Within sixty (60) days from the time any *member* of the Association who is of an age greater than fifty-five (55) years, shall cease to be in the employ of The Board of Education of the City of Duluth, said member shall by written notice addressed to the Secretary of said Association elect to receive one of the following benefits, commencing with the date his employment terminated." (Italics supplied.)

Article IV provides in part:

"Cessation of employment as teacher by the said Board of Education shall automatically terminate *membership* in the Association except in those instances wherein the member ceasing to be so employed becomes an annuitant or other beneficiary of the Association.

"Membership in the Association shall not be terminated by any leave of absence granted by The Board of Education in pursuance of its rules." (Italics supplied.)

Defendant raised the issue whether the court erred in sustaining plaintiff's objection to defendant's questions as to what complaints had been made to the board against plaintiff. We cannot see that the complaints against plaintiff made to the board were material, since the real issue involved is whether plaintiff was still in the employ of the board on February 1, 1945, so as to bring him within the benefits of defendant's retirement fund. We conclude that there

was no error on the part of the trial court in sustaining plaintiff's objection.

We hold that plaintiff was still in the employ of the Duluth board of education under a leave of absence on February 1, 1945, and was entitled to judgment as concluded by the trial court. We find no error in the action of the court in denying defendant's motion for a new trial.

Affirmed.

[1]Reported in 28 N. W. (2d) 753.