**Aloysius ROSINSKI, Relator,**

v.

**TEACHERS RETIREMENT ASSOCIATION BOARD OF TRUSTEES, Respondent.**

**No. C1-92-1440.**

Court of Appeals of Minnesota.

Jan. 26, 1993.

Roger A. Aronson, Rischmiller, Wasche, Knippel, Rischmiller & Aronson, Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Joan D. Humes, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by NORTON, P.J., and FORSBERG, and FLEMING,* JJ.

## OPINION

FORSBERG, Judge.

Relator Aloysius Rosinski challenges the decision of the Teachers Retirement Association Board of Trustees that he is not entitled to service credit for the 1990–91 school term for purposes of calculating his retirement benefits because payments received during that year were severance pay. Rosinski filed a writ of certiorari seeking review by this court. We reverse.

## FACTS

Aloysius Rosinski has been a participant in the Teachers Retirement Association (Association) since 1959. His most recent employment was as high school principal in the St. Anthony–New Brighton School District (District). In May 1991, Rosinski's age and years of service would have qualified him for the "Rule of 90," a higher level of pension benefits.

During the 1988–89 school year, Rosinski became seriously ill with clinical depression and was absent most of the school year. Rosinski was paid under his accumulated sick leave benefits for this period.

Acting on a letter from the District regarding staffing for the 1989–90 school year, Rosinski informed the District he was electing to return to his job as principal. Minn.Stat. § 125.12, subd. 7 (1990) required Rosinski to submit to an independent psychiatric evaluation before reinstatement. The psychiatrist recommended Rosinski not return to his duties. Based on this report, the District suspended Rosinski and placed him on unrequested leave of absence. No

---

* Retired judge of the district court, serving as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

formal action was ever taken to terminate Rosinski's contract with the District.

Rosinski's illness continued throughout the 1989–90 school term. He exhausted his accumulated sick leave in October 1989, but continued to receive full salary under Minn. Stat. § 125.12, subd. 7.

In March 1990, the District and Rosinski executed a settlement agreement which extended Rosinski's leave of absence until, at the latest, July 1, 1991. Under the agreement, Rosinski continued to receive full salary but waived all rights relating to reinstatement. The District retained exclusive discretion to determine whether Rosinski would be allowed to return to work. The negotiations included discussion of Rosinski's concern that the terms of the agreement not affect his ability to qualify for the "Rule of 90" pension benefit level.

Rosinski was absent the entire 1990–91 school year, but continued to receive full salary under the agreement. On June 3, 1991, Rosinski submitted a letter of resignation to the District.

Rosinski applied for retirement benefits in July 1991. The Association allowed Rosinski service credit for both the 1988–89 and 1989–90 school years, but denied him credit for the 1990–91 term. The Association classified the money received by Rosinski in 1990–91 as severance pay, on which pension benefits cannot accrue. Denial of the one year of service credit left Rosinski one year short of qualifying for the "Rule of 90" benefit level.

Rosinski petitioned for review of the decision to the Association's Board of Trustees. The Board upheld the determination, and Rosinski filed this writ of certiorari.

### ISSUE

Did the Board err in finding the payments received by Rosinski for the 1990–91 school year were not salary or sick leave benefits and, therefore, not counting as service credit for the 1990–91 term?

### ANALYSIS

■ A reviewing court is not required to defer to an agency's decision with respect to questions of law. *St. Otto's Home v. Minnesota Dept. of Human Servs.*, 437 N.W.2d 35, 39–40 (Minn.1989). Construction of statutes is a question of law, fully reviewable on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). However, "decisions of administrative agencies enjoy a presumption of correctness, and deference should be shown" by a reviewing court to the area of the agency's expertise. *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977).

■ Rosinski argues the 1990–91 school term payments were sick leave benefits and therefore qualify for service credit under the Teachers Retirement Act. Minn. Stat. §§ 354.045–.69 (1990 & Supp.1991). The Board claims they were severance pay. This disagreement requires an interpretation of the relevant statutes.

> We begin by noting a district may pay severance pay to its employees and adopt rules for the payment of severance pay to an employee who leaves employment. * * * Severance pay must be paid in a manner mutually agreeable to the employee and employer over a period not to exceed five years from retirement or termination of employment. * * * Severance pay provided for an employee leaving employment may not exceed an amount equivalent to one year of pay.

Minn.Stat. § 465.72, subd. 1 (1990). Severance payments for teachers include

> (1) payments to an employee to terminate employment;
> (2) payments, or that portion of payments, that are not clearly for the performance of services by the employee to the employer.

Minn.Stat. § 354.05, subd. 35a (Supp.1991). In contrast, "salary," for purposes of the Act, is defined as

> (a) [C]ompensation, upon which member contributions are required and made.
> (b) "Salary" does not mean:
> > (1) lump sum annual leave payments;
> > (2) lump sum sick leave payments;
> > * * * * * *

(5) any form of severance payments. Minn.Stat. § 354.05, subd. 35 (Supp.1991).

Rosinski argues, and this court agrees, that the payments received in 1990–91 do not constitute severance pay under the applicable statutes. First, unlike payments under Minn.Stat. § 465.72, subd. 1 (requiring that severance payments not be made beyond "five years from retirement"), the payments received by Rosinski preceded retirement. We therefore do not believe analysis under this statute is proper.

Next, we disagree with the Board's characterization of the money paid to Rosinski in 1990–91 as payments to "terminate employment." Minn.Stat. § 354.05, subd. 35a(1). Rosinski's absence during the 1990–91 school term was a leave for health reasons. A school district can temporarily suspend a teacher while he or she is suffering from mental illness, during which accumulated sick leave benefits will be paid. Upon exhaustion of these benefits, "the district may in its discretion pay additional benefits." Minn.Stat. § 125.12, subd. 7 (1990). We conclude payment under this statute more accurately describes the benefit Rosinski received when his accumulated sick leave was exhausted in 1989–90.

We also disagree with the Board's contention that the 1990–91 term cannot be characterized as a leave of absence because Rosinski did not retain a right to reinstatement. *See* Minn.Stat. § 125.12, subd. 7 ("The teacher shall be reinstated to the teacher's position upon evidence * * * of sufficient recovery."). Although Rosinski waived his personal right to demand reinstatement, the possibility of his reinstatement always existed. Under the terms of the agreement, the District retained "sole and exclusive" discretion to determine whether Rosinski was entitled to reinstatement. The agreement did not state "effective July 1, 1991, Rosinski will resign from his employment," nor "effective immediately Rosinski will resign from employment but be paid a year of severance pay." Rather, the agreement only gave the District the power to determine whether Rosinski could or could not return to employment as of July 1, 1991. Rosinski did not resign until June 3, 1991, when he submitted his own resignation.

Although a known right may be voluntarily waived, the intent of the contracting parties controls. *Perry v. Independent Sch. Dist. No. 696*, 297 Minn. 197, 210 N.W.2d 283, 289 (1973). Furthermore, acceptance of a limited contract, under which certain rights are waived, does not constitute a waiver of all rights. *Id.* at 207, 210 N.W.2d at 290. Rosinski waived certain rights to reinstatement under the agreement, but did so to protect his pension benefit rights. Qualifying for the "Rule of 90" was Rosinski's primary concern. This was known to both the District and the Board. Although Rosinski knew he was waiving his right to demand reinstatement, he did not intend to execute a resignation until June 1991. The terms of the agreement clearly characterized Rosinski's absence during 1990–91 as a leave pursuant to Minn.Stat. § 125.12, subd. 7. We believe the Board's interpretation of the parties' agreement is contrary to the intent of both Rosinski and the District. *See also Bartlett v. Duluth Teachers Retirement Fund Ass'n*, 224 Minn. 522, 28 N.W.2d 740 (1947) (teacher remained in the employ of district under leave of absence until date of resignation).

The teacher retirement statutes are for the benefit of teachers, who render "long and faithful service" and to support the public interest of "making the occupation of 'teacher' in this state more attractive to qualified person[s]." *Mattson v. Flynn*, 216 Minn. 354, 359, 13 N.W.2d 11, 14 (1944). The plain language of the statutes do not support the Board's determination. The payments received by Rosinski during the 1990–91 school term do not fall squarely into the "severance pay" category and it is clear that both the District and Rosinski intended the 1990–91 term as a leave of absence. The intent of the parties, along with the plain meaning of the statutes, support this court's conclusion that the 1990–91 payments were benefits on which Rosinski was entitled to service credit.

## DECISION

The Board erred in denying Rosinski service credit for the 1990–91 school year. The payments received under the agreement between Rosinski and the District are sick leave benefits and, as such, are salary for which Rosinski is entitled to service credit. The Board is ordered to make the appropriate corrections to Rosinski's service record.

Reversed.